**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Jesus Pineda-Picasso,<br><br>  Defendant. | No. CR-19-00850-01-PHX-SPL<br><br>**ORDER** |

The Court has received Defendant Jesus Pineda-Picasso's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(C)(1) (Doc. 45), the Sealed Exhibits to the Motion for Modification of Sentence (Doc. 49), the United States' Response to Defendant's Motion for Compassionate Release (Doc. 53), and Defendant's Reply (Doc. 56). For the reasons that follow, the Court will deny the Motion.

Defendant seeks release because of his "very high risk of severe illness and/or death should he contract COVID-19." (Doc. 45 at 1). This Court has adopted a four-factor test when determining whether to grant motions for release on COVID-19 grounds. *United States v. Steinbart*, No. CR-20-00485-01-PHX-SPL (D. Ariz. filed March 26, 2020) (Doc. 125) (citing *United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020)). The Court considers equally the four following factors:

   (1) the original grounds for the defendant's … detention;
   (2) the specificity of the defendant's stated COVID-19 concerns;

> (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and
>
> (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* Here, Defendant pled guilty to Re-Entry of a Removed Alien in violation of Title 8 U.S.C. § 1326(a) and (b)(1) (Doc. 15) and was sentenced to 40 months in federal prison (Doc. 24). Defendant's stated COVID-19 concerns are his age (60 years), Type 2 diabetes mellitus, and an "unidentified lump on his neck." (Doc. 45 at 1). He also cites the numbers of COVID-19 cases and deaths in the Bureau of Prisons nationwide. (Doc. 45 at 13).

The factors cited above weigh against Defendant's release. Defendant argues that, because his crime was an immigration offense and not a violent crime, and because he had no disciplinary record while in prison, he should be released. (Doc. 45 at 17). However, Defendant has already been convicted twice before for illegal reentry, once in 2014 and once in 2019. (Doc. 45 at 17). The Court is not persuaded that Defendant won't attempt, for (at least) the *fourth* time, to illegally reenter the United States. Further, Defendant has only served 18 months of his 40-month sentence. This is likely insufficient to adequately deter Defendant from committing a crime he has committed several times before.

Further, if Defendant is released, he will be transferred to ICE custody and deported to Mexico. (Doc. 45 at 2). But Defendant provides no evidence that being held in ICE custody and thereafter being transported to Mexico would present less of a COVID-19 exposure risk than remaining in his current location. To the contrary, just as there are COVID-19 cases in the BOP, there are many cases of COVID-19 in ICE facilities. *See, e.g.*, U.S. Immigration and Customs Enforcement, *ICE Guidance on COVID-19*, https://www.ice.gov/coronavirus (last visited January 7, 2021) (explaining that, as of January 5, 2021, there have been 999 confirmed COVID-19 cases in the Phoenix Field Office of ICE alone, 35 of which are still in custody). Also, according to the CDC, there is currently a "very high level of COVID-19 in Mexico" and "Travelers should avoid all travel to Mexico." *See* Centers for Disease Control and Prevention, *COVID-19 in Mexico*,

https://wwwnc.cdc.gov/travel/notices/covid-4/coronavirus-mexico (last visited January 7, 2021). Being processed through ICE custody, and traveling generally, would increase Defendant's family's already high risk of exposure to the virus. (Doc. 49 at 3) (explaining Defendant's intent to live with his family upon release). Taking these risks into consideration along with Defendant's history and the time remaining in his sentence, the Court concludes the COVID-19 factors do not weigh in favor of release for extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i), despite Defendant's underlying health conditions.

Having carefully considered the Motion, Response, and Reply, for the foregoing reasons,

**IT IS ORDERED** denying Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(C)(1) (Doc. 45).

Dated this 7th day of January, 2021.

Honorable Steven P. Logan
United States District Judge