**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Jesus Pineda-Picasso,<br><br>    Defendant. | No. CR-19-00850-01-PHX-SPL<br><br>**AMENDED ORDER**[1] |

On January 7, 2021, this Court denied Defendant Jesus Pineda-Picasso's Motion to for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1).(Docs. 45 & 57). The Court applied a four-factor test set forth in *United States v. Steinbart*, No CR-20-00485-01-PHX-SPL (D. Ariz. filed March 26, 2020) (Doc. 125), which was adopted based on a policy statement in the U.S. Sentencing Guidelines Manual, U.S.S.G. § 1B1.13. Three months later, the Ninth Circuit decided *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), which held that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal quotation marks and alteration omitted). The Ninth Circuit remanded Defendant's release motion to this Court to reassess the motion under the standard set forth in *Aruda*, but expressed no merits on the underlying motion.

The statute governing modification of prison terms, 18 U.S.C. § 3582(c)(1)(A), states that a court may reduce a defendant's sentence if it finds that "extraordinary and

---

[1] This Order amends line 1 on page 3 of the August 18, 2021 Order (Doc. 63).

compelling reasons warrant such a reduction." *Id.* The corresponding Policy Statement, U.S.S.G. § 1B1.13, states that the court can reduce a sentence if the court finds "extraordinary and compelling reasons warrant the reduction" *and also finds* that "the defendant is not a danger to the safety of any other person or to the community." *Id.*

In *Aruda*, the Ninth Circuit held that, because U.S.S.G. § 1B1.13 has not been updated since the promulgation of § 3582(c)(1)(A), and only addresses sentencing reductions directed by BOP, not the courts, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," and so, District Courts are not limited by the requirements listed in § 1B1.13. *Aruda*, 993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 281–84 (4th Cir. 2020)). While the dangerousness evaluation may indeed be relevant, it is not a prerequisite to release. *Id.* So, the Court reviews potential dangerousness as part of its larger evaluation of "the nature and the circumstances of the offense and the history and characteristics of the defendant," and not as a mandated policy requirement. *Id.*

For the following reasons, the Court finds that it would reach the same result even when not bound by the additional requirement of U.S.S.G. § 1B1.13 because Defendant fails to show extraordinary and compelling reasons warranting early release.

Defendant seeks release because of his "very high risk of severe illness and/or death should he contract COVID-19." (Doc. 45 at 1). Defendant pled guilty to Re-Entry of a Removed Alien in violation of Title 8 U.S.C. § 1326(a) and (b)(1) (Doc. 15) and was sentenced to 40 months in federal prison (Doc. 24). Defendant's stated COVID-19 concerns are his age (60 years), Type 2 diabetes mellitus, and an "unidentified lump on his neck." (Doc. 45 at 1). He also cites the numbers of COVID-19 cases and deaths in the Bureau of Prisons nationwide. (Doc. 45 at 13).

Defendant argues that, because his crime was an immigration offense and not a violent crime, and because he had no disciplinary record while in prison, he should be released. (Doc. 45 at 17). However, Defendant has already been convicted twice before for illegal reentry, once in 2014 and once in 2019. (Doc. 45 at 17). The Court is not persuaded

that Defendant won't attempt, for (at least) the *fourth* time, to illegally reenter the United States. Further, Defendant has only served 26.5 months of his 40-month sentence. This is likely insufficient to adequately deter Defendant from committing a crime he has committed several times before.

Further, and more relevantly, if Defendant is released he will be transferred to ICE custody and deported to Mexico. (Doc. 45 at 2). But Defendant provides no evidence that being held in ICE custody and thereafter being transported to Mexico would present less of a COVID-19 exposure risk than remaining in his current location. To the contrary, just as there are COVID-19 cases in the BOP, there are many cases of COVID-19 in ICE facilities. *See, e.g.*, U.S. Immigration and Customs Enforcement, *ICE Guidance on COVID-19*, https://www.ice.gov/coronavirus (last visited August 17, 2021) (explaining that, as of August 15, 2021, there have been 3,147 confirmed COVID-19 cases in the Phoenix Field Office of ICE alone, 134 of which are still in custody). Also, according to the CDC, there is currently a "very high level of COVID-19 in Mexico" and "[b]ecause of the current situation in Mexico, all travelers may be at risk for getting and spreading COVID-19 variants." *See* Centers for Disease Control and Prevention, *COVID-19 in Mexico*, https://wwwnc.cdc.gov/travel/notices/covid-4/coronavirus-mexico (last visited August 17, 2021). Being processed through ICE custody, and traveling generally, would increase Defendant's family's already high risk of exposure to the virus. (Doc. 49 at 3) (explaining Defendant's intent to live with his family upon release). Taking these risks into consideration along with Defendant's history and the time remaining in his sentence, the Court concludes the COVID-19 factors do not weigh in favor of release for extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i), despite Defendant's underlying health conditions.

Having carefully considered the Motion, Response, and Reply, and in light of the Ninth Circuit's recent *Aruda* decision, the Court finds that Defendant Jesus Pineda-Picasso has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(C)(1) (Doc. 45).

Dated this 25th day of August, 2021.

                                      Honorable Steven P. Logan
                                      United States District Judge